UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.                                           No. 02-4152

DALTON OSBURN BRUNSON,
      *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-01-293)

Submitted: September 23, 2002

Decided: October 10, 2002

Before NIEMEYER and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr.,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Anna Mills Wagoner, United States Attorney, Lisa B.
Boggs, Assistant United States Attorney, Greensboro, North Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dalton O. Brunson pleaded guilty to distribution of 41.5 grams of cocaine, 21 U.S.C. § 841(a)(1) (2000) (Count One); carrying a firearm during a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i) (2000) (Count Four), and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000) (Count Five). He was sentenced as a career offender to 166 months on Count One, sixty months on Count Four, to run consecutively to the 166-month sentence, and 120 months on Count Five, to run concurrently with the sentence on Count One. Brunson's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), complaining about the district court's denial of Brunson's motion for downward departure. Brunson has filed a pro se supplemental brief. We affirm.

Brunson was sentenced as a career offender. *See U.S. Sentencing Guidelines Manual* § 4B1.1 (2001). Brunson moved for a downward departure, claiming that his designation as a career offender significantly overstated the seriousness of his criminal history. After hearing argument, the district court denied Brunson's motion. Because the district court recognized that it had the authority to depart, its departure decision is not reviewable on appeal. *See United States v. Bayerle*, 898 F.2d 28, 31 (4th Cir. 1990).

Brunson also claims that he should not have been classified as a career offender. One of Brunson's two predicate felonies for career offender status was his conviction in North Carolina of assault on a female. At the time Brunson was convicted of that offense, it was punishable by up to two years in prison. Several months following his conviction, the North Carolina legislature reduced the penalty to 150 days. Brunson contends that, given the subsequent reduction in the penalty, it is unfair to count the offense as one of the qualifying felonies under USSG § 4B1.1. We rejected a similar argument in *United States v. Johnson*, 114 F.3d 435, 444-45 (4th Cir. 1997).

In both the *Anders* brief and the pro se brief, Brunson contends that it is a violation of substantive due process to treat as career offenders all defendants with at least two previous convictions for violent felonies or serious drug offenses, regardless of the number and severity of those offenses. We approved such treatment in *United States v. Adkins*, 937 F.2d 947, 952 (4th Cir. 1991), and we therefore find Brunson's position to be without merit.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Brunson's convictions and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*